## BANKRUPTCY OF THOMAS SPENCER.

### BEFORE JUDD, J.

### JANUARY, 1875.

In a statutory proceeding by a creditor to declare a debtor bankrupt, the Court has jurisdiction to hear a plea of equitable estoppel: following *Kamohai vs. Kahele,* 3 Hawn., 530.

The promise of a creditor that he would not press respondent for payment of a note, held not to estop the creditor from bringing proceedings to put respondent into bankruptcy; the misrepresentation being of intention only and not of fact.

The creditor's promise held not to be a new contract extending time of payment, but a *nudum pactum;* or, if a contract, only executory.

The claim of petitioner being held good, respondent is adjudged bankrupt.

### DECISION OF JUDD, J.

Plaintiff's petition and bond, as required by statute, were filed 14th December, 1874; order to Marshal to take possession of defendant's property, and summons to defendant to attend, issued same day and made returnable January 2d, 1875. Order was returned by the Marshal, December 21st, 1874. On the 2d of January, 1875, the day appointed by the Court for the hearing of the parties on the question of the alleged bankruptcy, Theo. H. Davies, a creditor of said defendant, appeared with a plea of an equitable estoppel to petitioner's claim. The Court having ruled that other creditors were not parties to this matter, the defendant, by his counsel, adopted this plea, referring to affidavits filed by said Davies and by George W. Macfarlane, said Davies' attorney in fact. Petitioner's counsel demurred to the plea on the ground of want of jurisdiction.

The Court proceeded to take the testimony that the petitioners are creditors; that is, heard the testimony offered to support their claim, and also the testimony offered against it, and also testimony that the defendant has committed an act of bankruptcy. The remaining findings of fact will appear in the decision.

### BY THE COURT.

I am of opinion that the testimony shows that Thomas Spencer owes debts to the "amount of $2000" and over, and that "he has refused or failed to make payment of some (any) of his just demands for ten days after the same had matured and had been presented for payment to him or his agent." Whether some of these claims having been purchased at a discount, or arranged for by a mortgagee, are in a position to be sued upon by the original holders, may be questioned, but that Spencer owes to some one money evidenced by promissory notes still outstanding against him to an amount far beyond the limit required by the statute, cannot admit of a doubt; and that he has failed or refused to pay them after due demand, is also undoubted.

The remaining point, the validity of the petitioner's claim, is more difficult of solution.

In the first place, as regards the jurisdiction of Court to hear the defence offered to the claim: It cannot be controverted that the claim of the petitioning creditors must be a legal valid one; or, as expressed in Edwin James' Bankrupt Law, page 269, "The debt must be of such a nature that an action at law might be brought for it by the petitioning creditor against the bankrupt." If it were not so, any man could be thrown into bankruptcy upon fictitious claims. Now, in order to ascertain whether the claim be in fact a valid one, though apparently so on its face, the Court must hear whatever defence may be offered to it. The petitioner's claim in this case is upon two promissory notes, each dated 1st June, 1871, for $562.25, payable in eight months, and it would be perfectly competent to plead any of the usual defenses to actions on promissory notes, as payment, forgery, set off, tender, statute of limitations, etc.

But it is contended that in this statutory proceeding which is limited and summary, the Court cannot exercise the equitable jurisdiction and take cognizance of the plea. I am of the opinion that the case of *Kamohai vs. Kahele* (April term, 1874) fully authorizes me, in considering, as a Court of law, the question of the validity of the petitioner's claim, to take cognizance of equitable estoppels. I have no hesitation in assuming this jurisdiction, and must now enquire if the facts constitute an equitable estoppel. I will assume it as proved that in August, 1874, Macfarlane, who was acting as Davies' agent, who was endeavoring to arrange defendant's indebtedness so that it would be safe to proceed to make him advances and carry on his plantation, succeeded in getting from Louisson, the managing partner of the petitioner's firm, a promise that he would not molest the defendant; in other words, that he would extend the time of payment of the already overdue notes and receive his pay in installments.

All the following elements must be present in order to an estoppel by conduct or *in pais:*

"1. There must be a representation or a concealment of material facts.

"2. The representation must be made with a knowledge of the facts.

"3. The party to whom it was made must have been ignorant of the truth of the matter.

"4. It must have been made with the intention that the other party should act upon it.

"5. The other party must have been induced to act upon it." Bigelow on Estoppel, pp. 480 and 481.

"The representation or concealment must also, in all ordinary cases, have reference to a present or past state of things, for if the party make a representation concerning something in the future, it must generally be either a mere statement of intention or opinion uncertain to the knowledge of both parties, or it will come to a contract, with all the peculiar consequences of a contract."

In *Langdon vs. Doud,* 10 Allen, 433 (1865), a debtor being about to go away from the State of Massachusetts, represented to a creditor that he did not intend to return, when in fact he did return and was sued after the lapse of six years; it was held that in pleading the statute of limitations he was not estopped by his representation that he did not intend to return.

The Court say that this representation was not of any existing fact or state of things, but merely of intention. The intention of a party concerning his future action is necessarily uncertain. A person cannot be bound by any rule of morality or good faith not to change his present intention. The doctrine of estoppel wholly fails when the representation relates only to a present intention or purpose, because, being in its nature uncertain and liable to change, it could not properly form a basis or inducement upon which a party could reasonably adopt any fixed and permanent course of action.

Tested by these principles, do the facts of the case before us constitute an estoppel? Louisson misrepresented no facts; he stated no material facts but what Macfarlane knew and what is

not denied; that is, that he held a claim against Spencer. He merely made a declaration of his intention not to molest Spencer, and his hopes of getting his pay by-and-by.

The main ingredient of an estoppel is therefore wanting, "the representation or concealment of material facts."

Does this testimony establish a new contract, which is a good defense to the note? Parsons, in his Notes and Bills, vol. 2, p. 530, says: "A defence to a note payable in one year, that an oral collateral agreement provided that payment should not be demanded until the expiration of five years, is no bar to a suit brought before the lapse of a longer period." This is taken from *Dow vs. Tuttle*, 4 Mass., 414, and in this case the agreement was in writing and contemporaneous with the note, and might very properly have been construed as part of the original transaction, yet the Court held it no defence.

In *Parker vs. Russell*, 17 Pick., 280, "A maker of a promissory note, after it became due, entered into a parol agreement with his creditors and F., by which it was stipulated that F. should, from time to time, receive the maker's wages from his employers as they became due, for the benefit of his creditors, and that the holder of the note should receive payment of the note in monthly installments, through the hands of F., and should not commence an action against the maker so long as the agreement should be complied with. Two installments were paid. It was held that such agreement did not constitute a legal defence to an action upon the note by such holder."

In *Allen vs. Kimball*, 23 Pick., 473, a note was made, but before it was payable, the holder, for a good consideration, agreed verbally that he would not consider it as due until the expiration of two months from the time of its original maturity, and it was held that such agreement, being executory, was not a bar to an action commenced on the note by such holder before the two months had expired. A covenant by the payee of a promissory note not to sue the maker within a limited time, cannot be pleaded in bar to an action brought within the time by a person to whom the note was endorsed, after it became due. *Perkins vs. Gilman*, 8 Pick., 229.

· In *Munroe vs. Perkins,* 9 Pick., 298, it is laid down that a contract may be waived by a parol agreement, if the new agreement shall be executed.

The case of *Harris vs. Brooks,* 21 Pick. 195, is cited as an authority in favor of the position that the defense at bar is good.

In this case there was a parol declaration by the holder of a promissory note to the surety, after the note had fallen due, that he would exonerate the surety and look to the principal, and this was held a good defense in an action by the holder against the surety. This was an accommodation note entirely for the benefit of the principal, and the surety had expressed to the holder his willingness to pay it because he could then get security of the principal; but the holder verbally discharged him and agreed to look to the principal, and the Court held that as this declaration lulled the party into security and prevented him from attaining his indemnity, it would be a fraud on the part of the holder afterwards to call on such surety for payment.

This case bears no resemblance to the case at bar; Spencer has not been lulled into any security by Louisson's promise, nor has he lost his means of obtaining indemnity on this note, for there is no surety in this case from whom to obtain indemnity, and he is liable as principal in any event.

Louisson's promise then is a mere *nudum pactum*—there is no consideration for it—for Macfarlane makes him no promise, and Spencer promised to pay by the terms of the note, and his new · promise to pay him by installments is no better; and the new contract, if a contract at all, is only executory and has not been executed.

Upon a careful examination of the testimony and a reviewing of the principles of law applicable, I am of the opinion that the petitioners have shown a good claim against Spencer, and that no defense either in law or in equity has been established. I must therefore decree and adjudge Thomas Spencer to be bankrupt; but·I express no opinion as to the right of his assignees,

when they shall be elected, to the possession of the sugar estate, or on the priority of any of the liens or claims, as being matters upon which evidence has been put into the case incidentally.

*A. S. Hartwell*, for petitioner.

*R. H. Stanley & W. C. Jones*, for respondents.

Honolulu, January 15, 1875.