DAVID GONSALVES and VICTORIA AIU GONSALVES, on behalf of themselves and all persons similarly situated, Plaintiffs-Appellants, *v.* FIRST INSURANCE COMPANY OF HAWAII, LTD., a Hawaii corporation, Defendant-Appellee.

NO. 5341

DECEMBER 4, 1973

RICHARDSON, C.J., MARUMOTO, ABE,
LEVINSON AND KOBAYASHI, JJ.

OPINION OF THE COURT BY MARUMOTO, J.

Plaintiffs had a fire insurance policy for $31,000 issued by defendant on two dwelling buildings owned by them. The insurance on one building was $23,000, and on the other building was $8,000. Attached to the policy, as a part thereof, was "Dwelling Building(s) and Contents Broad Form" endorsement.

The endorsement provided, in section IX, paragraph 14, insurance against "Collapse of building(s) or any part

thereof.''

However, Section X, paragraph (C), of the endorsement excluded from the coverage provided in Section IX, paragraph 14, loss caused by ''any earth movement, including but not limited to * * * landslide, mud flow, earth sinking, rising or shifting, * * * .''

Also, paragraph (D) of the same section excluded from such coverage loss caused by:

''(a) Flood, surface water, * * * overflow of streams or other bodies of water, * * * ;

''(b) * * * *

''(c) Water below the surface of the ground, including that which exerts pressure on or flows, seeps or leaks through * * * foundations, walls, basement or other floors, * * *.''

The exclusions in paragraphs (C) and (D) did not apply where fire or explosion ensued, in which event defendant was liable only for such ensuing loss.

During a rainstorm on February 23, 1972, when the policy was in force, one of the buildings listed thereon collapsed.

Based on the coverage in Article IX, paragraph 14, plaintiffs filed a claim with defendant for payment of the insured value of the collapsed building. But defendant denied liability on the ground that the loss was within the exclusions set forth in Section X, paragraphs (C) and (D), of the endorsement.

Thereupon, on March 28, 1972, plaintiffs brought an action against defendant in the first circuit court seeking damages in the sum of $93,000 under HRS § 480-13. The ad damnum of $93,000 is three times the insured value of the two buildings listed in the policy, of which only one collapsed.

HRS § 480-13 authorizes a person who is injured in his business or property by reason of anything forbidden or declared unlawful by HRS c. 480 to sue and recover from the violator threefold the amount of damages sustained by him. HRS c. 480 relates to monopolies and restraint of trade. HRS § 480-2 declares that ''unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful.''

Plaintiffs' complaint is inartistically drawn. It alleged the complete collapse on February 23, 1972, of one of the

buildings listed in the insurance policy, without identifying the particular building which collapsed and without stating the cause of the collapse. It requires a reading through the lines to ascertain the claim for relief which it intended to allege. However, by interpolating inferences, it may be read to have alleged that defendant engaged in deceptive act and practice by issuing an insurance policy drafted in such a complex and vague manner as to mislead plaintiffs into believing that the policy provided insurance on their dwelling buildings against the peril of collapse without regard to the cause of collapse.

In response to plaintiffs' complaint, defendant filed on May 12, 1972, a motion entitled "Motion to Dismiss" in which it sought dismissal of the complaint for failure to state a claim upon which relief could be granted. It attached to the motion a memorandum of law and a supporting affidavit, and stated: "This motion is based on the pleadings on file herein, Rule 12(b) (6) of the Hawaii Rules of Civil Procedure, the memorandum of law in support hereof and Affidavit of Howard Schirmer, Jr., attached hereto."

Howard Schirmer, Jr., was a member of Dames & Moore, consulting engineers on applied earth sciences. He stated in his affidavit that he personally checked the rainfall record kept by the Board of Water Supply of the City and County of Honolulu, which showed that the gauge located near the location of plaintiffs' buildings recorded a rainfall of approximately 2.87 inches on February 23, 1972; that it was his professional opinion, based on reasonable engineering certainty, "that the failure of the house was caused by the heavy rainfall; that excessive hydrostatic water pressure built up behind the retaining wall; that said retaining wall did not provide adequate drainage to allow dissipation of water trapped behind it; that said retaining wall snapped off at the mid-height and caused the house to rotate on its foundation posts to its present location."

Defendant's motion was served on plaintiffs' attorney on the day it was filed in court, together with a notice of hearing. The notice informed plaintiffs that the hearing was set for May 30, 1972.

The motion was not heard on May 30, 1972, but was heard on July 3, 1972, after two continuances.

On June 27, 1972, plaintiffs' attorney filed a memorandum of points and authorities in reply to defendant's motion. That was 46 days after the motion was mailed to plaintiffs' attorney and one week before the hearing thereon.

In the memorandum, plaintiffs' attorney stated, at the outset in the statement of facts, that one building listed in the policy collapsed on February 23, 1972, "when its retaining wall foundation collapsed from heavy rain fall," thus in effect admitting the averments in Schirmer's affidavit, and confined his argument to the question of law regarding the legality of the exclusionary provisions set forth in the endorsement.

At the hearing on July 3, 1972, the circuit court stated that it would treat defendant's motion as one for summary judgment by giving consideration to Schirmer's affidavit, and orally granted the same.[1]

HRCP, Rule 12(b), provides: "If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56."

When the circuit court made the statement that it would treat defendant's motion as one for summary judgment by considering Schirmer's affidavit, plaintiffs' attorney did not request a continuance of the hearing to present an opposing

---

[1] The court made the following statements:

"THE COURT: Well, this, of course, also has an affidavit attached to it, and the affidavit is being relied upon. A dismissal would be in the nature of treating this Motion to Dismiss as a Motion for Summary Judgment, inasmuch as the affidavit is being relied upon as the reason or part of the grounds for having it —

"* * * *

"THE COURT: Yes, what I am saying is considering the affidavit attached to the motion and treating this as a Motion for Summary Judgment, that the collapse of the house falls within one of the exclusions in the policy."

affidavit or other materials made pertinent to a motion for summary judgment by HRCP, Rule 56.

The circuit court followed up its oral ruling on defendant's motion by entering the order appealed from on July 7, 1972.

The order is entitled "Order Granting Motion to Dismiss". Notwithstanding its nomenclature, we deem the order to be an order granting a motion for summary judgment. This court is not foreclosed from recognizing the true nature of an order by the label put upon it by the circuit court. *Owen v. Kronheim,* 304 F.2d 957, 959 (D.C.Cir. 1962).

On this appeal, plaintiffs urge reversal of the order appealed from on three grounds.

The first ground is stated as follows: "The Circuit Court erred in treating Appellee's 12(b) (6) motion as a motion for summary judgment and in resolving a factual issue on Appellee's affidavit alone where it gave no indication that it was considering anything but the pleadings and Appellants filed no counter affidavits."

That ground is based on the following language in *Dale v. Hahn,* 440 F.2d 633, 638 (2nd Cir. 1971):

"While Rule 12(b), F.R.Civ. P., provides that a motion under Rule 12(b) (6) may be treated as a motion for summary judgment under Rule 56, it also provides that 'all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.' It seems fair to include within the term 'reasonable opportunity' some indication by the court to 'all parties' that it is treating the 12(b) (6) motion as a motion for summary judgment. * * * Here, the district judge gave no indication that he was going to consider anything but the pleadings, plaintiff filed no counter-affidavit, and the factual issue of whether she received notice was resolved against her on defendants' affidavits alone."

*Dale v. Hahn* is not apposite. The record in this case discloses a situation entirely different from the situation in that case.

In this case, the circuit court stated clearly to the parties at the hearing on defendant's motion that it would treat the

motion as one for summary judgment by giving consideration to Schirmer's affidavit. The material factual issue in this case was the cause of the collapse of the building for which the claim for loss was made. At the time the court resolved that issue, it had the statement of plaintiffs' attorney in the reply memorandum, which attributed the loss to the same cause as the cause set forth in Schirmer's affidavit.

It is stated in 10 Wright & Miller, Federal Practice and Procedure 490 § 2723 (1973), that "admissions in the brief of the party opposing the motion [for summary judgment] may be used in determining that there is no genuine issue as to any material fact, since they are functionally equivalent to 'admissions on file,' which are expressly mentioned in Rule 56(c)." That statement is supported by *Pan American Food Co. v. Lester Lawrence & Son,* 147 F. Supp. 113 (N.D. Ill. 1956), and *United States v. White Motor Co.,* 194 F. Supp. 562 (N.D. Ohio 1961).

Furthermore, the treatment of defendant's motion as one for summary judgment could not have been a total surprise to plaintiffs, for the motion specifically stated that defendant was relying on the attached affidavit.

Thus, we see no merit in the first ground urged by plaintiffs. However, it may be stated that we do not look with favor on the practice of labeling a motion seeking dismissal of an action not only on the pleadings on file but also in reliance on matters outside of the pleadings as a motion to dismiss. Such motion is in fact a motion for summary judgment and should be labeled as such in order to prevent any misleading of attorneys who may not be thoroughly versed in the niceties of procedure.

The second and third grounds urged for reversal by plaintiffs may be considered together. Basically, they are identical. Both advance the contention that defendant's issuance of the policy with the broad form endorsement to plaintiffs and its denial of liability thereunder for the loss of plaintiffs' dwelling building subjected defendant to the sanction of HRS § 480-13 because the policy and the endorsement are drafted in such a complex and vague manner as to be misleading and deceptive.

Defendant's policy, including the endorsement, is somewhat complex, but is neither vague nor misleading. Complexity, without more, does not make a document deceptive. Under the format of the endorsement, it is not difficult to ascertain the coverages and the exclusions from coverages. The coverages are set forth in paragraphs 1 through 19 of Section IX. The exclusions from the coverages are stated in paragraphs (A) through (J) of Section X. The exclusions in Section X are given at least equal prominence with the coverages in Section IX.

Consequently, the second and third grounds urged by plaintiffs are also without merit.

Affirmed.

*Winston Mirikitani (Mirikitani, Thurston & Tongg* of counsel) for plaintiffs-appellants.

*Roland Q. F. Thom (Cades Schutte Fleming & Wright)* for defendant-appellee.