SOLOMON KEKIPI BRIGHT aka SOL KEKIPI BRIGHT, and
SOL K. BRIGHT ENTERPRISES, INC., Plaintiffs-Appellants,
*v.* AMERICAN SOCIETY OF COMPOSERS AUTHORS &
PUBLISHERS, aka ASCAP aka "THE SOCIETY", Defendant-
Appellee

NO. 7616

CIVIL NO. 57463

SEPTEMBER 30, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

OPINION OF THE COURT BY PADGETT, J.

Appellants filed a multi-count lawsuit in the court below against
the American Society of Composers Authors & Publishers, also
known as ASCAP. The court below granted summary judgment in
favor of Appellee ASCAP on the ground that appellants had not

exhausted their remedies for the relief they sought within the ASCAP organization. On the record before us, there appear to be substantial issues of fact with respect to whether they had exhausted their remedies or were required to exhaust their remedies. Accordingly we reverse the judgment below.

The motion filed by appellee below was entitled "A Motion to Dismiss". However, it was accompanied by a lengthy affidavit with attached exhibits and according to the memorandum filed in support of the motion, the court below was referred to the affidavit "for facts showing that the complaint should be dismissed for failure to exhaust administrative remedies". Thus, under the provisions of Rule 12(b), Hawaii Rules of Civil Procedure (HRCP), the motion was really one for summary judgment. *Baldeviso v. Thompson,* 54 Haw. 125, 504 P.2d 1217 (1972).

The affidavit of Bernard Korman filed with the motion is replete with hearsay statements, opinions of fact, opinions of law, arguments and other assertions which, were he a witness on the stand at trial, he would not be able to give over objection. Thus, the affidavit clearly does not conform to Rule 56(e), HRCP. Moreover, it is not clear from the affidavit whether the affiant is swearing to the authenticity and correctness of the copies of the documents attached by him as exhibits to his affidavit. However, at a later stage in the proceedings and before the decision below, answers to interrogatories were filed under oath by Mr. Korman, attaching copies of the relevant documents under Rule 56(e). The answers to the interrogatories and the documents attached thereto may be considered by us. Thus, we do not need to pick our way through Mr. Korman's affidavit to separate the wheat from the chaff.

From the documents attached to the answers to interrogatories, it appears that the Articles of Association of ASCAP in Article XIV, Section 6B provide:

> Any member, aggrieved by the distribution of the Society's revenues to such member, or by any rule or regulation of the Society directly affecting the distribution of the Society's revenues to such member, may give notice to that effect in writing to the Secretary of the Society, stating that he proposes to protest to the Board of Review and setting forth the grounds for his complaint.

Early in 1973, the Hawaiian Professional Songwriters Society addressed to the Board of Review a claim that the Society's methods of

determining monies to be distributed to its members was unfair to those members in Hawaii for the reasons therein set forth.

The letter ended with the statement:

We hereby petition ASCAP to remedy this injustice by formulating a plan to compensate our writers so they share equally in the Society's income based on their contributions.

> Our sincere Aloha,
>
> [signed by Tony Todaro]
>
> Submitted by:
> Tony Todaro, Chairman
> in behalf of the ASCAP
> members whose signatures
> appear on attached pages.

Plaintiff was one of those signatories. The Board of Review replied, stating:

> When those concerned have had an opportunity to answer and reply, a hearing will be scheduled before the Board.

Thus, the Board apparently deemed the letter a sufficient compliance with Section 6B. What followed was correspondence by one Paul S. Adler, distribution manager, which dragged out over a long period and eventually apparently petered out. The Board of Review was not again heard from and the promised hearing was never set or held.

Against this factual background, the affidavit assertions of Mr. Korman on the one hand that appellant had not exhausted his remedies within the Society before bringing this action and the assertions on the other hand by appellant in his affidavit that he had exhausted those remedies, clearly raise a genuine issue of material fact.

As the Supreme Court of Hawaii stated in *Martinez v. Parado*, 35 Haw. 149 (1939) at 153:

> "It is well settled that the constitution, rules and by-laws of an unincorporated association if they are not immoral, contrary to public policy or the law of the land, or unreasonable, constitute a contract between the members which the courts will enforce. . . . Moreover, even though the rules themselves may be unobjectionable, the acts of members of an association in enforcing the

> rules of the organization may be unreasonable, oppressive, and wrongful and call for judicial interference."

Appellants are asserting that they asked for a hearing, were told they would have one and never got one. They assert that they could not appeal from the Board of Review because the Board of Review had made no determination and that the Board of Review had made no determination because it never held a hearing. The affidavit of Mr. Bright combined with the facts in the record make the correctness or incorrectness of these assertions genuine issues of material fact. We think it goes without saying, that as a matter of law, if an organization refuses to hold a hearing or fails to do so within a reasonable time after a proper demand is made upon it, it cannot thereafter accuse its member of failing to exhaust his administrative remedies. Thus, in 6 AM. JUR.2d, ASSOCIATIONS AND CLUBS § 29 (1963), it is stated:

> It is competent for an association and its members to agree that questions between them and the order shall be referred to, and settled by, tribunals established within the order; its constitution or bylaws may provide that a member shall not appeal to the courts to redress alleged wrongs without first appealing to the tribunals of the association, in which case the member must exhaust all the remedies so provided before he may resort to the courts, unless these provisions are unreasonable, or the proceedings are not conducted in accordance with the rules, but contrary to law and justice, or a resort to the internal remedies would be a vain and useless undertaking, would be meaningless, would subject the complainant to unreasonable delay or hardship, or would certainly result in a practical denial of justice.

We note that in *American Society of Composers, Etc. v. Superior Court,* 24 Cal. Rptr. 772, 207 Cal. App. 2d 675 (1962), the California court refused to grant a writ of prohibition and upheld the refusal of summary judgment on a claim of exhaustion of administrative remedies by appellee where there was a genuine issue of fact as to whether the remedies had or had not been exhausted. For some unknown reason that case, involving analogous facts and a similar legal issue, was not cited to us by either party in the briefs or at oral argument.

We note that the language of 6B provides that the member may petition the Board of Review. There is authority for the proposition that where property rights are involved, and that would seem to be

the case here, that, absent an express agreement to exhaust the remedies provided within the association, resort to the courts may be had without first pursuing remedies within the association. 6 AM. JUR.2d, ASSOCIATIONS AND CLUBS § 29 (1963). *Nissen v. International Brotherhood of Teamsters,* 229 Iowa 1028, 495 N.W. 858, 141 A.L.R. 598 (1941).

In *Winslow v. State,* 2 Haw. App. 50, 625 P.2d 1046 (1981), we held that there was a failure to exhaust administrative remedies which barred resort to the courts against the State where the labor contract provided a series of steps to be followed in processing a grievance and the appellant followed three of five and then abandoned the grievance procedure. However, in that case, the agreement provided with respect to the first step "The grievance *shall* be presented to the Superintendent . . ." (Underscoring supplied.) We are aware of cases construing "may" to mean "shall" and vice versa, based upon the context in which the words are used and the surrounding circumstances. We do not see that there is enough in the record in this case to permit a judgment on that matter at this point.

Appellee's counsel in the court below and on oral argument here took the position that "the entire royalty collection and distribution system is under the jurisdiction of the Southern District of New York." (Tr. June 27, 1979 hearing, p. 4, lines 3-5.) One of the complaints articulated at oral argument by appellants' counsel was that the method of measuring compensation depended upon surveys as to the number of times musical compositions were played on radio and television stations but that the ASCAP system of survey eliminated those local radio stations which specialized in Hawaiian music, thus, in effect, discriminating against Hawaiian composers and unfairly reducing appellants' compensation.

Appellee's counsel's position seems to be that because the method of survey was determined by an independent organization which was subject to the orders of the United States District Court in New York and not to ASCAP's requests, that what appellant had to do was to convince ASCAP that there was a discrimination and then ASCAP would have to apply to the court for a change. On remand, we would suggest that the court below require the parties to provide it with enlightenment on this subject and give careful consideration to whether appellants' claim in this regard is true and if so, whether

there is any power on the part of appellee to do anything to correct the situation and if not, whether the Hawaiian courts have any power to deal with such a situation.

There being genuine issues of material fact, summary judgment was improperly granted. The judgment below is reversed and the case is remanded for further proceedings.

*Joseph A. Ryan (Ryan & Ryan* of counsel) for appellants.

*John R. Lacy (Goodsill Anderson & Quinn* of counsel) for appellee.