HIRAM ROSA and MYRNA L. ROSA, Plaintiffs-Appellees, *v.* CWJ CONTRACTORS, LTD., doing business as SOLAR HAWAII, CWJ CORPORATION, LTD., and HAWAIIAN LEASING CO., INC., Defendants-Appellants

NO. 8584

(CIVIL NO. 60612)

MAY 18, 1983

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY TANAKA, J.

Defendant CWJ Contractors, Ltd. (Contractors) appeals the denial of its motion to dismiss and the granting of a summary judgment in favor of plaintiffs Hiram Rosa and Myrna L. Rosa (the Rosas). The appeal presents for our review the oft litigated issues involving the applicability of the *res judicata* and equitable estoppel doctrines. We affirm in part and reverse in part.

Prior to the commencement of this action (Civil No. 60612), the Rosas had filed a suit (Civil No. 57737) and obtained a judgment therein against CWJ Corporation, Ltd. (Corporation).[1] The judgment awarded damages for breach of

---

[1] We have taken judicial notice of First Circuit Civil No. 57737, *Rosa v. Johnston.* Appellate courts may take judicial notice of proceedings having a direct relation to the

contract for the purchase and installation of a solar water heating system and for deceptive business practice under Hawaii Revised Statutes (HRS) §§ 480-1, -2, and -3 (1976).[2]

This action, filed on February 14, 1980, is based on the same factual situation involved in Civil No. 57737. Count I of the complaint alleged that (1) the Rosas obtained a judgment in Civil No. 57737 against Corporation, dba Solar Hawaii; (2) defendant Corporation fraudulently transferred "the entire stock and equity ownership" of Contractors to defendant Hawaiian Leasing Co., Inc.; and (3) such transfer was made "to avoid payment of the Judgment entered in Civil No. 57737." Count II alleged a tortious breach of a contract (the same contract involved in Civil No. 57737) by Contractors, dba Solar Hawaii. Finally, count III alleged deceptive business practice by Contractors in violation of HRS §§ 480-1, -2, and -3.

On April 14, 1980, Contractors moved to dismiss counts II and III, claiming that *res judicata* was an effective defense since all issues in those counts had been litigated and decided on the merits in Civil No. 57737. The motion was granted on May 21, 1980. However, upon a motion for reconsideration, the trial court denied Contractors' motion to dismiss counts II and III on July 1, 1980.

On April 7, 1981, the Rosas filed a motion for summary judgment on counts II and III. They argued that the doctrine of *res judicata* could be offensively used when the issues were

matter at issue. *See In re Ellis,* 55 Haw. 458, 522 P.2d 460 (1974), *cert. denied,* 419 U.S. 1109, 95 S. Ct. 782, 42 L.Ed.2d 805 (1975); *Wohlschlegel v. Uhlmann-Kihei, Inc.,* 4 Haw. App. ___, ___, n.4, 662 P.2d 505 (1983); *Sapp v. Wong,* 3 Haw. App. 509, 512, 654 P.2d 883, 885-86, n.3 (1982).

[2] In Civil No. 57737, defendant CWJ Corporation, Ltd. (Corporation), dba Solar Hawaii, appealed from the judgment. This court affirmed the trial court in all respects, except as to costs and attorney's fees. *Rosa v. Johnston,* 3 Haw. App. 420, 651 P.2d 1228 (1982).

identical. On December 17, 1981, the Rosas' motion was granted.[3] Contractors[4] appealed.[5]

## I.

Contractors contends that (1) the Rosas seek to relitigate the identical issues litigated and determined by the judgment in Civil No. 57737; (2) the doctrine of *res judicata* bars the Rosas' new action (counts II and III of Civil No. 60612); and (3) consequently, the trial court[6] erred in denying its motion to dismiss. We disagree.

### A.

Under certain circumstances, "a motion to dismiss may be treated as one for summary judgment." *Au v. Au,* 63 Haw. 210, 212, 626 P.2d 173, 176 (1981). *See also Gonsalves v. First Insurance Co.,* 55 Haw. 155, 516 P.2d 720 (1973); *Bright v. American Society of Composers, Authors & Publishers,* 2 Haw. App. 471, 634 P.2d 427 (1981). Thus, at the outset, we must determine whether this appeal involves a motion to dismiss or a motion for summary judgment.

------

[3] Although the Rosas' Motion for Summary Judgment filed on April 7, 1981, was withdrawn on June 16, 1981, it was renewed at the December 1, 1981 bench trial of the case. Transcript of December 1, 1981 Proceedings at 3.

CWJ Contractors, Ltd. (Contractors) also renewed its motion to dismiss. Transcript at 5. The Order Granting Summary Judgment filed on December 17, 1981 does not mention the status of this motion but it is implicitly denied.

[4] The notice of appeal indicates that the appellants are Corporation, Contractors and Hawaiian Leasing Co., Inc. However, since counts II and III of the complaint involve Contractors only, we consider Contractors to be the sole appellant in this opinion.

[5] It appears that count I remains unadjudicated. However, the Order Granting Summary Judgment filed on December 17, 1981 decreed the entry of judgment under Rule 54(b), Hawaii Rules of Civil Procedure (HRCP) (1981), thus giving us appellate jurisdiction.

[6] In this case, Circuit Judge A. Fong presided over the hearings on April 29, 1980 for the motion to dismiss and on June 12, 1980 for the motion for reconsideration. Circuit Judge R. Greig was the trial judge on December 1, 1981 when the motion for summary judgment was renewed.

Contractors' motion to dismiss was made pursuant to Rule 12(b)(6), Hawaii Rules of Civil Procedure (HRCP) (1981).[7] An affidavit of Contractors' counsel was attached to the motion. Also, the record reveals that the trial court considered representations of fact outside the pleadings made by the Rosas' counsel during argument at the hearing on the motion for reconsideration.[8]

A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted shall be treated as a Rule 56, HRCP, motion for summary judgment when "matters outside the pleading" are presented to and not excluded by the court in making its decision on the motion. Rule 12(b), HRCP.[9]

However, unverified representations made in oral argument are not considered "matters outside the pleading" that convert a motion to dismiss into a motion for summary judgment. 5 C. Wright & A. Miller, Federal Practice and Procedure: *Civil* § 1366 (1969); *Au v. Au, supra.* On the other hand,

---

[7] The motion to dismiss stated that it was made pursuant also to Rules 12(c) and 54(c), HRCP, and Hawaii Revised Statutes (HRS) § 607-14 (1976), which are not pertinent to a motion to dismiss. Rule 12(c) deals with a motion for judgment on the pleadings. Rule 54(c) refers to a judgment by default. HRS § 607-14 pertains to attorneys' fees, which Contractors requested in its motion to dismiss.

[8] In the hearing on the motion for reconsideration, the Rosas' counsel repeatedly stated that the contract was between Corporation and the Rosas. Transcript of June 12, 1980 Proceedings at 3, 5, 11 and 12. In a letter to the trial judge dated June 12, 1980, counsel corrected himself as the contract was executed between Contractors and the Rosas. Although there is no indication in the record whether the trial court considered this information, the trial court stated that the court had considered counsel's memoranda, "heard oral arguments of all counsel" and granted the motion on July 1, 1980.

[9] Rule 12(b), HRCP (1981), provides in pertinent part:
Every defense, in law or fact, to a claim for relief in any pleading . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted . . . . . . . If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

the presence of an appropriate affidavit with the motion to dismiss may trigger a conversion. *Gonsalves v. First Insurance Co., supra; Baldeviso v. Thompson,* 54 Haw. 125, 504 P.2d 1217 (1972); *Bright v. American Society of Composers, Authors & Publishers, supra; Ailetcher v. Beneficial Finance Co.,* 2 Haw. App. 301, 632 P.2d 1071 (1981).

The affidavit involved in this case presented no material facts that were not alleged, explicitly or by necessary inference, in the memorandum also attached to the motion or that conflicted in any way with allegations of facts made by both counsel. *Cf. Terry v. Pearlman,* 42 F.R.D. 335 (D. Mass. 1967) (affidavit reiterated complaint and did not convert a motion to dismiss into a motion for summary judgment). Consequently, the affidavit was not sufficient to convert the motion to dismiss into a motion for summary judgment. Thus, our review on appeal is that of a motion to dismiss.

### B.

A Rule 12(b)(6), HRCP, dismissal is warranted only if the claim is "clearly without any merit; and this want of merit may consist in an absence of law to support a claim of the sort made, or of facts sufficient to make a good claim, or in the disclosure of some fact which will necessarily defeat the claim." 2A J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 12.08, at 2271 (2d ed. 1982).

Contractors contends that *res judicata* applies to the instant case and would require the dismissal of counts II and III. Contractors argues that the plaintiffs, facts and causes of action are the same in both Civil No. 57737 and the present case. Thus, collateral estoppel would bar this repetitious lawsuit against Contractors, a stranger to the prior litigation.

Collateral estoppel is a preclusionary rule within the *res judicata* doctrine. Collateral estoppel or issue preclusion "precludes the relitigation of a fact or issue which was previously determined in a prior suit on a different claim." *Ellis v. Crockett,* 51 Haw. 45, 55, 451 P.2d 814, 822 (1969); *Silver v. Queen's Hospital,* 63 Haw. 430, 436, 629 P.2d 1116, 1121 (1981). Traditionally, mutuality requires a party raising this defense to be a party or privy to the prior action. *See* Annot., 31 A.L.R. 3d

1044, 1059-64 (1970). In Hawaii, however, this rule of mutuality has been abandoned in the defensive use of collateral estoppel. *Morneau v. Stark Enterprises, Ltd.,* 56 Haw. 420, 539 P.2d 472 (1975); *Ellis v. Crockett, supra.* Thus, a stranger to the suit may defensively utilize collateral estoppel.

In the instant case, Contractors raised the adjudicated issues of breach of contract, negligence and deceptive business practice in Civil No. 57737 as a defense in Civil No. 60612. However, this case does not fit squarely into what is defined as the defensive use of collateral estoppel.

Under a defensive use of the doctrine, a stranger relies upon a former judgment as conclusively establishing in his favor an issue which he must prove as an element of his defense, using the judgment as a "shield." For example, A sues B and A loses; A sues C; C attempts to bar A's suit by reliance on the former judgment. In the defensive use of collateral estoppel, the plaintiff, having lost in the first suit, remains the same but different defendants are involved in the second suit. Annot., 31 A.L.R. 3d 1044 (1970); Note, *The Impacts of Defensive and Offensive Assertion of Collateral Estoppel by a Nonparty,* 35 Geo. Wash. L. Rev. 1010 (1967). However, unlike the example given above, the Rosas are plaintiffs who *won* in the first case.[10]

The policy basis for defensive collateral estoppel is that the plaintiff had the opportunity to litigate the relevant issue and lost, failing to prove a claim. *Blonder-Tongue Labs v. University Foundation,* 402 U.S. 313, 91 S. Ct. 1434, 28 L.Ed.2d 788 (1971). The court "will not permit a plaintiff to have another opportunity to rehash the same claim the second time around by switching adversaries." *Morneau v. Stark Enterprises, Ltd.,*

---

[10] We note but do not choose to follow a few jurisdictions allowing defensive collateral estoppel to be used against a winning plaintiff. *Bower v. Union Texas Petroleum Corp.,* 429 F.Supp. 77 (W.D. Okla. 1976) (plaintiff successfully asserted an employee status in first action and was precluded from asserting a non-employee status in a second action); *Dunlap v. Wild,* 22 Wash.App. 583, 591 P.2d 834 (1979) (purchaser who had received an arbitration award against a broker was estopped from maintaining an action against the salesman to obtain additional relief); *Anco Mfg. & Supply Co., Inc. v. Swank,* 524 P.2d 7 (Okla. 1974) (widow who obtained an award from one party was estopped from claiming an award from a second party).

56 Haw. at 424, 539 P.2d at 476. The losing plaintiff is also limited to one opportunity by the policy of having final judgments by competent courts and eliminating wasted expense and resources of the court and parties. *Ellis v. Crockett, supra.*

In the case at bar, Contractors cannot say the Rosas failed to prove their claims and so are precluded from asserting those claims again. Thus, Contractors could not raise *res judicata,* in the form of defensive collateral estoppel, to defeat counts II and III in their motion to dismiss.

The Rosas further claim that (1) Contractors and Corporation were jointly and severally liable on a contract with the Rosas and (2) a judgment against co-obligor Corporation did not merge the claim against co-obligor Contractors into such judgment. *See Bank of Hawaii v. Char,* 43 Haw. 17 (1958), *aff'd,* 287 F.2d 51 (9th Cir. 1961); *American Security Bank v. Nishihara,* 3 Haw. App. 595, 656 P.2d 1347 (1983); *National Marine Service, Inc. v. C.J. Thibodeaux and Co.,* 380 F.Supp. 1076 (S.D. Tex. 1973); *Biles v. Harris,* 521 P.2d 884 (Okla. App. 1974); 46 Am. Jur. 2d *Judgments* § 389 (1969). The Rosas' claim was not clearly without merit and did state a claim upon which relief may be granted. The trial court did not err in denying Contractors' motion to dismiss.

## II.

Contractors also argues that the trial court[11] erred in granting the Rosas' motion for summary judgment. We agree.

Under Rule 56(c), HRCP (1981), the granting of summary judgment is proper only when there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. *Fernandes v. Tenbruggencate,* 65 Haw. 226, 649 P.2d 1144 (1982); *Wohlschlegel v. Uhlmann-Kihei, Inc.,* 4 Haw. App. ___, 662 P.2d 505 (1983); *King v. Ilikai Properties, Inc.,* 2 Haw. App. 359, 632 P.2d 657 (1981).

---

[11] *See supra* note 6.

We find that the Rosas were not entitled to summary judgment. In successfully opposing Contractors' motion to dismiss, the Rosas had argued that (1) Contractors and Corporation were two separate entities and (2) Contractors was never a party to the first lawsuit. Record at 49, 51, and 64; Transcript of April 29, 1980 Proceedings at 5. Yet, in support of their motion for summary judgment, the Rosas argued that (1) Contractors was a wholly owned subsidiary of Corporation and (2) Contractors was a privy to Corporation. Record at 96; Transcript of December 1, 1981 Proceedings at 4. The Rosas are estopped from taking a position inconsistent with their former stand.

> [A] party will not be permitted to maintain inconsistent positions or to take a position in regard to a matter which is directly contrary to, or inconsistent with, one previously assumed by him, at least where he had, or was chargeable with, full knowledge of the facts, and another will be prejudiced by his action.

28 Am. Jur. 2d *Estoppel and Waiver* § 68, at 694-95 (1966) (footnotes omitted). *See also* 1B J. Moore & T. Currier, *Moore's Federal Practice* ¶ 0.405[8] (2d ed. 1982); Note, *The Doctrine of Preclusion Against Inconsistent Positions in Judicial Proceedings,* 59 Harv. L. Rev. 1132 (1942).

This type of equitable estoppel[12] is also known as judicial estoppel. This doctrine is not strictly one of estoppel but "par-

---

[12] The doctrine of equitable estoppel has developed into two main branches. 31 C.J.S. *Estoppel* § 59(c) (1964). Estoppel in pais or estoppel by conduct involves an intentional misrepresentation or concealment of material facts by one with knowledge of the facts to another who is ignorant of the truth and who reasonably relies upon the misrepresentation or concealment to change his position. *Bankruptcy of Spencer,* 6 Haw. 134 (1875) (citing *Kamohai v. Kahele,* 3 Haw. 530 (1874)); *Waugh v. University of Hawaii,* 63 Haw. 117, 621 P.2d 957 (1980) (citing *Doherty v. Hartford Insurance Group,* 58 Haw. 570, 574 P.2d 132 (1978)); *Reliable Collection Agency, Ltd. v. Aquarius Industries, Inc.,* 56 Haw. 251, 535 P.2d 129 (1975) (example of equitable estoppel). This type of estoppel does not apply where, in the absence of an actual contract or a fiduciary relationship, the truth is known to both parties or where they have equal means to the truth of the matter. *Molokai Ranch, Ltd. v. Morris,* 36 Haw. 219 (1942). In the instant case, there was no showing of reliance upon any misrepresentation or concealment of facts and both sides had access to the information.

takes rather of positive rules of procedure based on manifest justice and, to a greater or less [sic] degree, on considerations of the orderliness, regularity, and expedition of litigation." *Trask v. Tam See,* 42 Haw. 324, 333 (1958). *See* 31 C.J.S. *Estoppel* § 117(b) (1964); 28 Am. Jur. 2d *Estoppel and Waiver* § 69 (1966). At stake is the integrity of the judicial process. A party is estopped from playing "fast and loose" with the court or blowing "hot and cold" during the course of litigation. *Godoy v. Hawaii County,* 44 Haw. 312, 354 P.2d 78 (1960); *Yuen v. London Guarantee & Accident Co.,* 40 Haw. 213 (1953); *Edwards v. Aetna Life Ins. Co.,* 690 F.2d 595 (6th Cir. 1982); *Allen v. Zurich Ins. Co.,* 667 F.2d 1162 (4th Cir. 1982).

Although applied particularly to admissions and statements made under oath, judicial estoppel has not been limited to admissions and such statements but is applicable to inconsistent positions otherwise taken. *Trask v. Tam See, supra;* 31 C.J.S. *Estoppel, supra. See Edwards v. Aetna Life Ins. Co., supra; Allen v. Zurich Ins. Co., supra.*

This preclusion estops a party from assuming inconsistent positions in the course of the same judicial proceeding. 31 C.J.S. *Estoppel* § 118 (1964); 28 Am. Jur. 2d *Estoppel and Waiver, supra;* Note, *The Doctrine of Preclusion Against Inconsistent Positions in Judicial Proceedings, supra;* 1B J. Moore & T. Currier, *Moore's Federal Practice, supra.* The doctrine, however, does not preclude a party from pleading inconsistent claims or defenses within a single action. Rule 8(e)(2), HRCP (1981); 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure: Jurisdiction* § 4477 (1981). *See Ryan v. Foster & Marshall, Inc.,* 556 F.2d 460 (9th Cir. 1977). Once pleaded, such inconsistent claims and defenses are to be

---

The second type of equitable estoppel is quasi-estoppel which has its basis in election, waiver, acquiescence, or an acceptance of benefits. A party is precluded from asserting to another's disadvantage, a right inconsistent with a position previously taken by him. No misrepresentation or concealment of facts by one and ignorance of the other are necessary. *Godoy v. Hawaii County,* 44 Haw. 312, 354 P.2d 78 (1960); *Yuen v. London Guarantee & Accident Co.,* 40 Haw. 213 (1953); *Hartmann v. Bertelmann,* 39 Haw. 619 (1952). Within quasi-estoppel, a branch of equitable estoppel, is a doctrine called judicial estoppel. *Trask v. Tam See,* 42 Haw. 324 (1958).

evaluated under appropriate judicial control, allowing an internally consistent final decision to be reached. *Allen v. Zurich Ins. Co., supra.* A party is precluded from subsequently repudiating a theory of action accepted and acted upon by the court. 31 C.J.S. *Estoppel* § 117 (1964).

In the instant case, the Rosas, with full knowledge of the facts, will not be permitted to take advantage of inconsistent positions in regard to the relationship between Contractors and Corporation. By arguing that Contractors was a separate entity, the Rosas were able to defeat Contractors' motion to dismiss. By arguing they were in privity, the Rosas were able to obtain summary judgment. The result was an internally inconsistent final decision, prejudicing Contractors. Since the trial court accepted the Rosas' non-party/co-obligors theory of action in denying Contractors' motion to dismiss, the Rosas could not subsequently repudiate such a position in their motion for summary judgment.[13]

The trial court erred in granting summary judgment because, as a matter of law, the Rosas could not sustain inconsistent positions within the same proceeding.

Inasmuch as we are remanding the case for further proceedings, the following comment may be helpful. If, on remand, the Rosas take a position consistent with that taken against Contractors' motion to dismiss and assert that the doctrine of collateral estoppel could be offensively used by them against Contractors, the doctrine will be inapplicable.

---

[13] On appeal, the Rosas argue that the doctrine of offensive collateral estoppel was properly applied against Contractors. They contend that Corporation, as the parent corporation of Contractors, had identical interests to protect so that the presentation of evidence in the first case gave Contractors a full and fair opportunity to litigate the matter.

The Rosas cite *Pinto Trucking Service, Inc. v. Motor Dispatch, Inc.,* 485 F.Supp. 484 (N.D. Ill. 1980) where offensive collateral estoppel was allowed and the case was remanded for a new trial. An appeal was taken from the second trial. The court found that collateral estoppel could not be used because it denied the defendants due process since they had not participated in the trial and there was no evidence to show that their interests were represented at trial. *Pinto Trucking Service, Inc. v. Motor Dispatch, Inc.,* 649 F.2d 530 (7th Cir. 1981). The same may be said in the instant case.

Although our supreme court has noted its use in federal cases, *Molokai Homesteaders Cooperative Ass'n v. Cobb,* 63 Haw. 453, 459, 629 P.2d 1134, 1140, n.10 (1981), it has not expressly approved the use of offensive collateral estoppel.

In the offensive use of collateral estoppel, a stranger relies upon a prior judgment as conclusively establishing in his favor an issue he must prove as an essential element of his claim, using the judgment as a "sword." For example, B sues A and B wins; C sues A and relies on the earlier judgment against A to establish A's liability. Thus, under offensive collateral estoppel, the defendant who lost in the first suit remains the same, but a different plaintiff is involved in the second suit. Annot., 31 A.L.R.3d 1044 (1970); Note, *The Impacts of Defensive and Offensive Assertion of Collateral Estoppel by a Nonparty,* 35 Geo. Wash. L. Rev. 1010 (1967). *See Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 99 S. Ct. 645, 58 L.Ed.2d 552 (1979). Unlike the foregoing example, in the instant case, the Rosas, being the same plaintiffs in both suits, are not strangers and are using the doctrine against Contractors, not the same defendant in the first suit.

Affirmed as to the denial of the motion to dismiss and reversed and remanded as to the granting of the motion for summary judgment.

*Philip D. Bogetto* for defendants-appellants.

*Dean T. Nagamine (Bert T. Kobayashi, Jr.* and *John T. Komeiji* on the brief; *Kobayashi, Watanabe, Sugita & Kawashima,* of counsel) for plaintiffs-appellees.