NO. 28493

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


BEVERLY JEAN PERRY, on behalf of herself
and all others similarly situated,
Plaintiff-Appellant,
v.
THE AES CORPORATION, AES HAWAII, INC.,
HAWAIIAN ELECTRIC COMPANY, INC.,
HAWAIIAN ELECTRIC INDUSTRIES, INC.,
Defendants-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 06-1-2122)


SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., Fujise and Reifurth, JJ.)


Plaintiff-Appellant Beverly Jean Perry (Perry), on behalf of herself and all others similarly situated, (Plaintiffs) appeals from the "Final Judgment in Favor of Defendants The AES Corporation, AES Hawaii, Inc., Hawaiian Electric Company, Inc., and Hawaiian Electric Industries, Inc. and Against Plaintiff Beverly Jean Perry, on Behalf of Herself and All Others Similarly Situated as to All Claims" filed on March 22, 2007 in the Circuit Court of the First Circuit[1] (circuit court).

On appeal, Plaintiffs contend the circuit court erred when it dismissed Plaintiffs' complaint on grounds of res judicata because the subject matter of the first action[2] was different than the subject matter in the instant action (current

---

[1]  The Honorable Eden E. Hifo presided.

[2]  On April 22, 2002, a First Amended Complaint was filed in the circuit court in Civil No. 01-1-3487 by State of Hawai'i, ex rel, Bruce R. Knapp, Qui Tam Plaintiff, (Knapp) and Perry, on behalf of herself and all others similarly situated, Class Plaintiff.  The circuit court dismissed the complaint and entered a final judgment on September 17, 2003.  Perry appealed, and on May 31, 2006, the Hawai'i Supreme Court affirmed the circuit court's final judgment.  Hereinafter, the proceedings in Civil No. 01-1-3487 and the subsequent appeal will be referred to as "the first action."

action); in the first action, no final judgment on the merits for res judicata purposes had been entered; Plaintiffs were not a party in the first action, thus the two actions did not involve the same parties; and Defendants Hawaiian Electric Company, Inc. (HECO), Hawaiian Electric Industries, Inc. (HEI), The AES Corporation (AES), and AES Hawaii, Inc. (AES-HI) (collectively, Defendants) were judicially estopped from raising res judicata because such argument required Defendants to take inconsistent positions in the first action and the current action.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Plaintiffs' appeal is without merit.

> *Res judicata*, or claim preclusion, is a doctrine "that limit[s] a litigant to one opportunity to litigate aspects of the case to prevent inconsistent results and multiplicity of suits and to promote finality and judicial economy." *Bremer v. Weeks*, 104 Hawai'i 43, 53, 85 P.3d 150, 160 (2004) (citation and footnote omitted). *Res judicata* "prohibits a party from relitigating a previously adjudicated cause of action." *Id.* (internal quotation marks and citation omitted). In addition,
>
> > the judgment of a court of competent jurisdiction is a bar to a new action in any court between the same parties or their privies concerning *the same subject matter*, and precludes the relitigation, not only of the issues which were actually litigated in the first action, but also of *all grounds of claim* and defense *which might have been properly litigated in the first action* but were not litigated or decided.
>
> *Id.* at [53], 85 P.3d at [160] (citation, brackets, and some emphases omitted) (some emphases added).

Tortorello v. Tortorello, 113 Hawai'i 432, 439, 153 P.3d 1117, 1124 (2007).

The facts giving rise to the action in the current case arise out of the same transaction as the first case. In the first case, the Hawai'i Supreme Court, in its May 31, 2006 Summary Disposition Order, described the case as "aris[ing] out of the alleged misconduct between a regulated public utility supplying electricity and an independent electric power producer that resulted in the construction of an 'unnecessary' and 'costly' electricity generating plant." In the current action,

Plaintiffs allege that the case arises from "a complex scheme involving unfair acts and deceptive practices of the Defendants, whereby AES-[HI], a non-utility, generates and sells all its electrical power to HECO in violation of state law." The "complex scheme" described by Plaintiffs in their opening brief encompasses all the specific transactions involved in the first action.

Plaintiffs' claim that dismissal based on statute of limitations is not a judgment on the merits is without merit. See Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995) ("The rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or failure to prosecute: as a judgment on the merits.")

Perry was a named party in the first action. Therefore, she is a party for res judicata purposes. Black's Law Dictionary 1154 (8th ed. 2004) defines a "party" as:

> One by or against whom a lawsuit is brought. For purposes of res judicata, a party to a lawsuit is a person who has been named as a party and has a right to control the lawsuit either personally or, if not fully competent, through someone appointed to protect the person's interests.

It does not appear that any of the Defendants attempted to maintain a position in the case that is inconsistent with their positions taken in the first action; therefore, judicial estoppel is inapplicable.[3]

Therefore,

IT IS HEREBY ORDERED that the "Final Judgment in Favor of Defendants The AES Corporation, AES Hawaii, Inc., Hawaiian Electric Company, Inc., and Hawaiian Electric Industries, Inc.

_____

[3] Judicial estoppel means that

a party will not be permitted to maintain inconsistent positions or to take a position in regard to a matter which is directly contrary to, or inconsistent with, one previously assumed by him, at least where he had, or was chargeable with, full knowledge of the facts, and another will be prejudiced by his action.

Rosa v. CWJ Contractors, Ltd., 4 Haw. App. 210, 218, 664 P.2d 745, 751 (1983) (quoting 28 Am. Jur. 2d Estoppel and Waiver § 68, at 694-95 (1966)).

and Against Plaintiff Beverly Jean Perry, on Behalf of Herself and All Others Similarly Situated as to All Claims" filed on March 22, 2007 in the Circuit Court of the First Circuit is affirmed.

DATED:  Honolulu, Hawai'i, April 26, 2010.

On the briefs:

Lloyd Y. Asato
for Plaintiff-Appellant.

James Kawashima
Gregory Y.P. Tom
(Kawashima Lorusso & Tom)
for Defendants-Appellees
Hawaiian Electric Company,
Inc. and Hawaiian Electric
Industries, Inc.

Peter W. Olson
(Cades Schutte LLP)
Rick Richmond
Russell Archer
(Kirkland & Ellis)
for Defendants-Appellees
The AES Corporation and
AES Hawaii, Inc.

Presiding Judge

Associate Judge

Associate Judge