STATE OF HAWAII, BY ITS ATTORNEY
GENERAL, BERT T. KOBAYASHI
v. MAURICE ZIMRING, ET AL.

No. 4906.

December 31, 1970.

Richardson, C.J., Marumoto, Abe, Levinson, JJ.,
and Circuit Judge Ogata in Place of
Kobayashi, J., Disqualified.

OPINION OF THE COURT BY MARUMOTO, J.

This is an interlocutory appeal by Maurice Zimring
and Molly Zimring, defendants, from the order of the third
circuit court granting the motion of the State of Hawaii
to dismiss their counterclaims in its action to quiet title
to approximately 7.9 acres of land created by the Puna
volcanic eruption of 1955, mentioned in *State* v. *Zimring,*
52 Haw. 472, 479 P.2d 202 (1970).

The Zimrings made two counterclaims. In the first
counterclaim, they claimed title as against the State to
the newly created land by adverse possession for more
than 10 years. In the second counterclaim, they claimed
damages against the State for trespass, disparagement of
title, and interference with contract.

We need not be concerned with the propriety of dis-

missal of the first counterclaim. The title as between the
State and the Zimrings will be determined on the trial of
the issue as to whether the State is entitled to ownership
of land newly created by volcanic eruption, upon remand
of this case pursuant to *State* v. *Zimring, supra,* and not
upon the issue of adverse possession by the Zimrings, for
there cannot be adverse possession against the sovereign.
*Application of Kelley,* 50 Haw. 567, 445 P.2d 538 (1968).

With respect to the second counterclaim, we think that
the circuit court erred in granting the motion to dismiss.
The dismissal will foreclose the Zimrings from asserting
this counterclaim in case they prevail on the issue of
ownership.

The State based its motion on HRS § 662-15(1), which
exempts from the general waiver of immunity from liabil-
ity for the torts of State employees, mentioned in HRS
§ 662-2, "the exercise or performance or the failure to
exercise or perform a discretionary function or duty on
the part of a state officer or employee, whether or not the
discretion involved be abused." Whether an act of a State
officer or employee comes within the discretionary func-
tion exception is a question of fact.

The court treated the State's motion as a motion under
H.R.C.P. Rule 12(c), which reads:

> "(c) MOTION FOR JUDGMENT ON THE
> PLEADINGS. After the pleadings are closed but
> within such time as not to delay the trial, any party
> may move for judgment on the pleadings. If, on a
> motion for judgment on the pleadings, matters out-
> side the pleadings are presented to and not excluded
> by the court, the motion shall be treated as one for
> summary judgment and disposed of as provided in
> Rule 56, and all parties shall be given reasonable op-
> portunity to present all material made pertinent to
> such a motion by Rule 56."

The second counterclaim stated a claim upon which relief could be granted in the light of the general waiver of immunity in HRS § 662-2. Any exception from that waiver of immunity is a matter of defense. *Stewart v. United States*, 199 F.2d 517 (7th Cir. 1952). Thus, the order of dismissal here cannot be treated as an order of dismissal for failure to state a claim. Nor may it be considered as a judgment on the pleadings, for the State did not file a reply to the counterclaim, and the pleadings were not closed. Also, it may not be treated as an order on a motion for summary judgment because the State did not present any matter establishing the absence of any genuine issue of material fact with reference to the discretionary function exemption, by affidavit, or otherwise.

Reversed.

*Helen B. Ryan* (*Ryan & Ryan* of counsel, *Molly D. Zimring* and *Franklin E. Zimring* with her on the brief) for defendants-appellants.

*Alana W. Lau*, Deputy Attorney General (*Bertram T. Kanbara*, Attorney General, with her on the brief) for plaintiff-appellee.