JULIUS ROTHSCHILD & COMPANY, a California corporation, Plaintiff-Appellant, and BEKINS MOVING AND STORAGE CO. OF HAWAII, INC., a Hawaii corporation, et al., Plaintiffs, *v.* STATE OF HAWAII, Defendant-Appellee, and HENRY EDWARD DAMON, et al., Defendants

(CIVIL NO. 48005)

MIDPAC LUMBER CO., LTD., a Hawaii corporation, TWENTIETH CENTURY FURNITURE, INC., a Hawaii corporation, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, Plaintiffs-Appellants, *v.* STATE OF HAWAII, Defendant-Appellee, and HENRY EDWARD DAMON, et al., Defendants

(CIVIL NO. 48062)

NO. 7477

DECEMBER 30, 1982

RICHARDSON, C.J.; NAKAMURA, J.; RETIRED JUSTICE MARUMOTO IN PLACE OF LUM, J., DISQUALIFIED; RETIRED JUSTICES OGATA AND MENOR, ASSIGNED TEMPORARILY

*Per Curiam.* This is an action for property damage resulting from a flash flood and the consequent overflowing of the Moanalua Stream in the Mapunapuna Industrial Tract in Honolulu on April 19, 1974.

The plaintiffs-appellants, Julius Rothschild & Company, MidPac Lumber Company, Ltd.,[1] and Twentieth Century Furniture, Inc., severally owned and operated warehouse plant facilities in the area inundated by the flood. Property loss and damage suffered by them were allegedly substantial.

Moanalua Stream flows down from the Koolau watersheds, through Moanalua Gardens and the Mapunapuna area, and then out to sea. Moanalua Road separates Moanalua Gardens upstream from the Mapunapuna area. At one point, the Moanalua Stream flows beneath the Moanalua Road where Moanalua Stream Bridge crosses the stream. Built in 1954 by the Territory of Hawaii, the bridge was designed for a 25-year storm, the design criteria then in existence. This criteria meant that floods, generated by storms of an intensity and magnitude occurring but once in every 25 years, could pass beneath the bridge.

---

[1] Plaintiff-appellant United States Department of Housing and Urban Development is also a party to this action. It was substituted by stipulation as party plaintiff in lieu of National Flood Insurers' Association, a party by subrogation to part of MidPac's claims.

A 1970 hydraulic design report, prepared by a firm contracted by the State to undertake design studies for the proposed Puuloa Interchange project at Moanalua Road, indicated that the Moanalua Stream was inadequate to meet the 50-year frequency storm design criteria, the standard presumably being followed by the State in 1970. In order to allow passage of the flood waters under that standard, the report recommended the bridge be replaced with another structure. The design engineer, who performed the hydraulic analysis for the Puuloa Interchange project, recommended bridge deck elevation. No action was taken by the State to implement either of these recommendations. The plaintiffs-appellants claimed that the Moanalua Stream Bridge was "inadequate to accommodate the flood waters generated on April 19, 1974," and that the bridge acted "as a dam which caused the flood waters to back up in Moanalua Gardens, flooding over the freeway and rushing down at great velocity through the Industrial Tract."

This case comes to us by way of an interlocutory appeal from a circuit court order granting the State's motion to dismiss the complaint as to certain grounds for liability asserted by the plaintiffs-appellants in their complaint. By its ruling the trial court foreclosed them from asserting at trial the theory that the State was negligent in failing to reconstruct or improve the Moanalua Stream Bridge. In its motion, the State requested the court "to dismiss all claims asserted by the parties against the State based upon the failure of the State to reconstruct or improve the Moanalua Stream Bridge on or before April 19, 1974." After a hearing, the trial court entered an "Order Granting Motion to Dismiss Claim." In it the court ruled:

> [T]he Court being of the opinion that the decision to reconstruct or improve the Moanalua Stream Bridge is a discretionary function within the meaning of Chapter 662, Hawaii Revised Statutes,
>
> IT IS HEREBY ORDERED, ADJUDGED AND DECREED that said Motion is hereby granted and that all claims asserted by the parties against the State based upon the failure to reconstruct *or improve* (as distinguished from negligent maintenance) the Moanalua Stream Bridge on or

before April 19, 1974 are hereby dismissed with prejudice.[2] (Emphasis added)

Because of the phrase "or improve," the plaintiffs-appellants' attorney declined to approve the order as to form. We agree with the plaintiffs-appellants that the word "improve" is overly broad. It is not every improvement that will constitute a discretionary act. In its answering briefs, however, the State points out:

It is undisputed that the bridge was designed to meet storms of an intensity measured at the "25-year frequency" and that the bridge was built in 1954 by the Territory of Hawaii. Plaintiffs-Appellants do not argue that the original design or construction was negligent based on the design criteria then in existence. *Rather, their argument is in essence that the design criteria in 1970 called for bridges to be built for a 50 year storm, and that therefore the State had a duty to reconstruct or improve the bridge such that it then met the 50 year storm criteria.* (Emphasis added)

For the purposes of this appeal, we will accept the State's formulation of the plaintiffs-appellants' position to have been the issue presented to the trial court on the State's motion to dismiss. And with this restrictive interpretation of the court's order dismissing their theory of liability, we affirm.

Under the State Tort Liability Act, the State is liable for the torts of its employees to the same extent as a private individual, HRS § 662-2, except, *inter alia,* for "[a]ny [tort] claim based upon . . . the exercise or performance or the failure to exercise or perform a *discretionary function or duty* on the part of a state officer or employee. . . ." HRS § 662-15 (Emphasis added).

In *Rogers* v. *State,* 51 Haw. 293, 459 P.2d 378 (1969), this court pointed out that acts done pursuant to operational level decisions do not come within the discretionary function excep-

---

[2] In passing upon the motion to dismiss, the trial court, by considering matters outside of the pleadings, must be deemed to have treated the motion as one for summary judgment. Towse v. State, 64 Haw. 624, 647 P.2d 696 (1982); see HRCP Rule 56.

tion to the State Tort Liability Act, and defined operational level acts generally to mean those which concern routine, everyday matters, not requiring evaluation of broad policy factors. And in *Breed* v. *Shaner,* 57 Haw. 656, 562 P.2d 436 (1977), this court again emphasized that the primary factor in determining whether a state activity is or is not a discretionary function is whether the decision to act or not to act involves the evaluation of broad policy factors. Such an evaluation would include a consideration of the financial, political, economic, and social effects of a given plan or policy. *Swanson* v. *United States,* 229 F. Supp. 217 (N.D. Cal. 1964).

The demarcation line, however, between a discretionary function and an operational level activity is not so easily drawn, and the determination, therefore, must ordinarily be made in the factual context in which the issue has arisen. *Breed v. Shaner, supra; State* v. *Zimring,* 52 Haw. 477, 479 P.2d 205 (1970). Nonetheless, there are certain governmental activities which by their very nature may be deemed to involve the evaluation of broad policy factors, and therefore discretionary. *See, e.g., Moyer* v. *Martin Marietta Corp.,* 481 F.2d 585 (5th Cir. 1973) (decision to purchase certain aircraft); *United States* v. *Hunsucker,* 314 F.2d 98 (9th Cir. 1962) (decision to re-activate an airbase); *Upchurch* v. *State,* 51 Haw. 150, 454 P.2d 112 (1969) (decision not to build a prison). *See also Valley Cattle Co.* v. *United States,* 258 F. Supp. 12 (D. Haw.1966) (decision to construct culverts capable of accommodating only the waters of 2-year storms held to be a discretionary act).

We find no difficulty in finding that the reconstruction or replacement of the Moanalua Stream Bridge would mandate such an evaluation. We are not here dealing with a project of relatively minor dimensions or importance. It does not require an engineer to appreciate the fact that not only the bridge itself would be affected. What the plaintiffs-appellants propose is the costly reconstruction or replacement of a two-span permanent concrete structure which is presently an integrated part of a heavily-travelled highway. Whether such a project should be authorized and implemented is addressed to the discretion not only of the State administration but also of the State legislature. It would require a weighing of priorities at the higher levels of government, and would surely entail evalua-

tions based on financial, political and economic considerations. The Governor, for example, must decide its order of priority. The legislature must decide whether to fund the project. These would be policy decisions immune from judicial review. *Breed* v. *Shaner, supra.*

> The [discretionary function] exception makes clear that the act is not intended to provide a vehicle to review policy decisions by state officials or employees in the form of a negligence suit. This rule recognizes the separate powers and functions of the legislative and executive branches of state government and protects them from any attempted disturbance through the courts. [*Id.,* 57 Haw. at 666, 562 P.2d at 442.]

The plaintiffs-appellants have also raised the question of whether the State in their answer should have pleaded the discretionary function exception as an affirmative defense. *See State* v. *Zimring, supra.* The State in the present case did not raise the issue in their responsive pleading but did raise it in their motion to dismiss. This was entirely proper. HRCP Rule 12(b).

Affirmed and remanded.

*Linda M. Katsuki* (*Patrick Jaress* and *Mervyn W. Lee* with her on the briefs; *Mukai, Ichiki, Raffetto & McMillan* of counsel) for plaintiffs-appellants.

*Charles F. Fell,* Deputy Attorney General, for defendant-appellee.