GEORGE H. NAKAHIRA and AMY S. NAKAHIRA, Plaintiffs–Appellants, v. STATE OF HAWAII, Defendant–Appellee, and BELL HELICOPTER TEXTRON, INC., a Texas corporation; DAVID C. WALLACE; JOHN DOES 1–10; JANE DOES 1–10; DOE PARTNERSHIPS 1–10; DOE CORPORATIONS 1–10; ROE "NON–PROFIT" CORPORATIONS 1–10; and ROE GOVERNMENTAL ENTITIES 1–10, Defendants

NO. 13667

(CIV. NO. 82430)

OCTOBER 25, 1990

LUM, C.J., PADGETT, HAYASHI, AND WAKATSUKI, JJ., AND INTERMEDIATE COURT OF APPEALS JUDGE TANAKA, IN PLACE OF MOON, J., DISQUALIFIED

582

OPINION OF THE COURT BY WAKATSUKI, J.

While on National Guard duty, George Nakahira was injured by a helicopter which went out of control on the ground. The helicopter was being "run–up" for maintenance purposes by David Wallace, a fellow National Guardsman, at the time of the accident. The Hawaii Army National Guard is an agency of the State of Hawaii under the command of the State Adjutant General.

Nakahira filed suit against several defendants. As against the State, Nakahira claims that it was negligent in the implementation

of the program that authorized non–aviators, such as Wallace, to "run–up" helicopters.

The State moved for dismissal of Nakahira's claim against it or for summary judgment in its favor on the ground that the State Tort Liability Act precluded the action. In granting the summary judgment in favor of the State, the circuit court agreed with the State that the adoption and implementation of the non–aviator safety training program was a discretionary function for which the State retained sovereign immunity. We disagree.

## A.

Under the State Tort Liability Act, chapter 662, Hawaii Revised Statutes (HRS), the State "waives its immunity for liability for the torts of its employees and shall be liable in the same manner and to the same extent as a private individual under like circumstances[.]" HRS § 662–2 (1985). However, the State retains immunity from "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a state officer or employee, whether or not the discretion involved has been abused[.]" HRS § 662–15(1) (1985).

"Discretionary function" is not defined in HRS Chapter 662. While this court has dealt with the issue of what constitutes discretionary function, none of the previous decisions has provided a precise definition of the term. This court has looked to whether broad policy considerations were involved and has compared and distinguished discretionary functions from operational level decisions which involve routine everyday matters. *Julius Rothschild & Co. v. State*, 66 Haw. 76, 79–80, 655 P.2d 877, 880–81 (1982); *Breed v. Shaner*, 57 Haw. 656, 666, 562 P.2d 436, 442 (1977); *Rodrigues v. State*, 52 Haw. 156, 161, 472 P.2d 509, 514 (1970); *Rogers v. State*, 51 Haw. 293, 298, 459 P.2d 378, 381 (1969). It

has been recognized by this court that the "demarcation line . . . between a discretionary function and an operational level activity is not so easily drawn, and the determination, therefore, must ordinarily be made in the factual context in which the issue has arisen." *Julius Rothschild & Co. v. State*, 66 Haw. at 80, 655 P.2d at 881.

Not every action requiring a decision on the part of a government official or employee constitutes a discretionary function, for "[i]n a strict sense, every action of a government employee, except perhaps a conditioned reflex action, involves the use of some degree of discretion." *Rogers v. State*, 51 Haw. at 296, 459 P.2d at 381 (quoting *Swanson v. United States*, 229 F. Supp. 217, 219 (N.D. Cal. 1964)).

Sovereign immunity for the performance of discretionary functions is retained

> to protect the decision–making processes of state officials and employees which require evaluation of broad public policies. [] The exception makes clear that the [State Tort Liability Act] is not intended to provide a vehicle to review policy decisions by state officials or employees in the form of a negligence suit. This rule recognizes the separate powers and functions of the legislative and executive branches of state government and protects them from any attempted disturbance through the courts.

*Breed v. Shaner*, 57 Haw. at 666, 562 P.2d at 442 (citations omitted).

In determining whether a discretionary function is involved in any particular case, it is helpful to recall this court's statement in *Breed v. Shaner*, 57 Haw. at 666–67, 562 P.2d at 442–43 (citations omitted).

> [I]ncreasing the emphasis on protecting the State from liability for broad policy decisions by its officials or employees decreases the number of claimants who will be compensated for injuries. This illustrates the tension

between the discretionary function exception and the primary policy of the act to compensate victims of negligent conduct of state officials and employees. . . . [I]t would be inconsistent with the liberal construction of the act to effectuate its purpose to limit the scope of the act with refinements. [] The ultimate objective in interpreting the act is to maximize each interest in its application to individual cases.

In *Julius Rothschild & Co. v. State, supra*, the State's decision on whether to reconstruct or replace a highway bridge designed for a 25–year storm with a bridge designed for a 50–year storm was held to be a discretionary function. But designing a highway is not a discretionary function. *Breed v. Shaner, supra.* Nor is the placement of road signs and stripings, *Rogers v. State, supra*, or the maintenance of drainage culverts, *Rodrigues v. State, supra.*

### B.

Normally, only aviator personnel are authorized to operate helicopters both on the ground and in the air. However, in recognizing that there are often shortages of aviator personnel, the federal Bureau of the National Guard authorizes local national guard units to adopt a program whereby non–aviator personnel can be certified to conduct ground "run–ups" of helicopters. Each local unit has the discretion to adopt or not to adopt such a program. Nakahira concedes that the decision of the Hawaii Army National Guard to adopt the program is a discretionary function, and therefore, not actionable. But Nakahira contends that once the decision was made to adopt the non–aviator certification, the State must carry out the program with appropriate care for the safety of others. He contends that the State did not have an adequate safety training program for non–aviator personnel such as Wallace to "run–up"

helicopters for maintenance purposes. As a result of this negligence, the helicopter operated by Wallace went out of control, thereby injuring Nakahira. Nakahira further alleges that the State failed to comply with the safety training guidelines issued by the Bureau of the National Guard. Noncompliance with such mandates, while not conclusive on the issue of negligence, is evidence of negligence. *Camara v. Agsalud*, 67 Haw. 212, 218, 685 P.2d 794, 798 (1984).

We hold that the State's adoption of a program to certify non–aviator personnel to conduct "run–ups" of helicopters is a discretionary function, but we further hold that implementation of the training of the non–aviator personnel is not a discretionary function under the State Tort Liability Act. The development of the specifics for the safety training program of the non–aviator do not involve broad policy considerations for which the State Tort Liability Act retained immunity.

C.

The State alternatively contends that Nakahira has failed to raise material facts showing that the training program it adopted and implemented fell below the standard of reasonableness. The summary judgment, however, was not granted on that basis. And this court will not consider that contention in this appeal.

Summary judgment is reversed and the case is remanded for trial on the merits.

*Henry N. Kitamura* (*Roy K. S. Chang* with him on the brief of Shim, Tam, Kirimitsu, Kitamura and Chang) for plaintiffs–appellants.

*James W. Laseter* (*Laurence K. Lau* with him on the brief), Deputy Attorneys General, for defendant–appellee.