**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000120
16-APR-2024
10:12 AM
Dkt. 159 SO**

NO. CAAP-18-0000120


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


THE ESTATE OF BRUCE S. PERDUE, by its Personal Representative
ROBERT H. PERDUE, ROBERT H. PERDUE, Individually,
GORETTI M. PERDUE, CHRISTIAN PERDUE, and WREN PERDUE,
Plaintiffs-Appellants, v. STATE OF HAWAIʻI,
KAUAʻI ISLAND UTILITY COOPERATIVE,
a domestic agricultural cooperative association, and
HAWAIIAN TELCOM, INC., a domestic corporation, Defendants/Cross-
Claim Plaintiffs/Cross-Claim Defendants-Appellees;
COUNTY OF KAUAʻI, Defendant/Cross-Claim Defendant-Appellee,
JOHN DOES 1-5, et al., Defendants.


APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CASE NO. 5CC131000351)


SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Nakasone and McCullen, JJ.)

Plaintiffs-Appellants the Estate of Bruce S. Perdue,

by its Personal Representative Robert H. Perdue, Robert H.

Perdue, Individually, Goretti M. Perdue, Christian Perdue, and

Wren Perdue (the **Perdue Family**) appeal from the Circuit Court of

the Fifth Circuit's[1] October 16, 2018 Second Amended Judgment[2] dismissing all claims as to Defendants/Cross-Claim Plaintiffs/Cross-Claim Defendants-Appellees State of Hawaiʻi (**State**), Kauaʻi Island Utility Cooperative, and Hawaiian Telecom, Inc., and Defendant/Cross-Claim Defendant-Appellee County of Kauaʻi.

Briefly, while driving during the early morning on Kūhiō Highway in Kapaʻa, Kauaʻi, Bruce S. Perdue drove his car off the paved road and shoulder into a utility pole. He died as a result of the injuries he sustained in this single-car accident.

The Perdue family filed a complaint for wrongful death. By stipulation, all claims and cross-claims were dismissed except for claims by the Perdue Family against the State.

The State moved for summary judgment, arguing that the decision not to install guardrails around the utility pole was within the "discretionary function exception to the . . . waiver of sovereign immunity" (**Discretionary Function Exception**) of

---

[1] The Honorable Kathleen N.A. Watanabe presided.

[2] Though the Perdue family actually appealed from the January 23, 2018 First Amended Judgment, we entered an order for temporary remand instructing the circuit court to enter and supplement the record with a second amended judgment resolving all remaining claims, as we determined we lacked appellate jurisdiction over the case since the first amended judgment did not resolve all claims. On temporary remand, the circuit court entered the second amended judgment. We therefore construe this appeal as from the circuit court's second amended judgment.

Hawaiʻi Revised Statutes (**HRS**) § 662-15 (2016). The circuit court granted summary judgment, and dismissed the entire case. The Perdue Family moved for reconsideration, which was denied, and timely appealed.

On appeal, the Perdue Family contends the circuit court erred in granting the State's motion for summary judgment and taxing costs.[3]

---

[3] The Perdue Family actually raise nine points of error, contending the circuit court reversibly erred:

(1) in granting summary judgment on the entire complaint when the State, in its motion for summary judgment (**MSJ**), argued against only one possible theory of liability;

(2) in denying their motion for reconsideration;

(3) by omitting from the order granting the MSJ (**MSJ Order**), and the Second Amended Judgment, a finding that the State was entitled to judgment "as a matter of law," and by failing to include a finding in the Second Amended Judgment that no genuine issue of material fact existed;

(4) in determining that the "installation" of the utility pole without a guardrail was a discretionary act requiring broad policy consideration, though each time the pole was repaired or reinstalled following a collision was an operational maintenance event;

(5) in disregarding the conflict between the State Tort Liability Act, HRS § 662-2 (2016), and Hawaiʻi Administrative Rules § 19-127.1-8 (eff. 1994), the latter of which directs the placement of guardrails and protective barriers next to roadside hazards;

(6) in dismissing potential claim(s) that the State acted negligently in permitting installation of the utility pole without a safety investigation, disregarding its accident history, and allowing the utility pole to remain in its location;

(7) in dismissing potential claim(s) that the State negligently failed to contact the utility companies concerning the hazard created by the utility pole or to revoke the permit for its location, given its accident history;

(continued . . .)

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below.

We review the grant or denial of summary judgment de novo. Ralston v. Yim, 129 Hawaiʻi 46, 55, 292 P.3d 1276, 1285 (2013). "Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Id. (citation and brackets omitted).

A defendant moving for summary judgment "may satisfy his or her initial burden of production by either (1) presenting evidence negating an element of the non-movant's claim, or (2) demonstrating that the [non-movant] will be unable to carry his or her burden of proof at trial." Id. at 60, 292 P.3d at

---

(. . . continued)

       (8) in disregarding Hawaiʻi Rules of Civil Procedure Rule 56(d) by failing to ask the parties whether there were outstanding claims raised in the complaint that the MSJ did not cover; and

       (9) in taxing costs against the Perdue Family after jurisdiction had already transferred to this court upon the filing of the notice of appeal.

Because we hold the circuit court erred in granting summary judgment, in dismissing the entire complaint, and taxing costs, we need not address the remaining points raised.

4

1290.  We view the evidence and inferences drawn therefrom in the light most favorable to the party opposing the motion.  Id. at 56, 292 P.3d at 1286.

Regarding the Discretionary Function Exception of HRS § 662-15, "the State bears the burden to assert and prove the application of the discretionary function exception," and its scope must be determined "on a case-by-case basis."  O'Grady v. State, 140 Hawaiʻi 36, 53-55, 398 P.3d 625, 642-44 (2017).

> In determining whether a State action falls within the discretionary function exception, we consider whether the challenged conduct involves the effectuation of broad public policy as opposed to routine, operational level activity. . . .  The exercise of some discretion on the part of a State official is not necessarily indicative that the exception applies[.]

Id. at 54, 398 P.3d at 643 (cleaned up).

The State here appears to rely on the need "to purchase additional right-of-way to accommodate the relocation of the line of utility poles" as the basis for falling within the Discretionary Function Exception.  But, the State then acknowledges that it would not be "required to purchase additional right-of-way if, instead, the utilities purchase easements on the adjacent private parcels."  With this, we cannot say that the State proved erecting a guardrail in this case "involve[d] the effectuation of broad public policy" as a matter of law.  See Breed v. Shaner, 57 Haw. 656, 667, 562 P.2d 436, 443 (1977) ("In this situation further facts must be

5

adduced on the record to show that the decision to include a curve or other design feature involved the evaluation of broad policy factors before the court can decide that the discretionary function exception applies"); O'Grady, 140 Hawai'i at 54, 398 P.3d at 643.

Moreover, Hawai'i courts have determined that decisions concerning the repair of an existing defective guardrail, implementation of a routine rockfall mitigation system, the location of a road sign, and when to repaint lane markings are operational level activities; but decisions to construct a prison or whether to rebuild the collapsed Moanalua Stream Bridge are discretionary functions.[4]  Erecting a guardrail appears closer to repairing a guardrail, implementing a rockfall mitigation system, and determining the location of road signs rather than constructing a prison or rebuilding a collapsed bridge.  And that funding for a government project originates from a policy-level allocation of resources does not necessarily make that particular project a policy-level decision.  Cf. Julius Rothschild & Co. v. State, 66 Haw. 76, 80, 655 P.2d 877,

---

[4]  See, e.g., O'Grady, 140 Hawai'i 36, 398 P.3d 625 (rockfall mitigation); Taylor-Rice v. State, 91 Hawai'i 60, 979 P.2d 1086 (1999) (defective guardrail); Rogers v. State, 51 Haw. 293, 459 P.2d 378 (1969) (road sign location); Julius Rothschild & Co. v. State, 66 Haw. 76, 655 P.2d 877 (1982) (rebuilding collapsed bridge); Breed, 57 Haw. at 667, 562 P.2d at 443 (noting as an example a decision not to construct a prison "require[s] evaluation of broad policy factors").

881 (1982) (noting that the legislature must decide whether to fund reconstruction of the Moanalua Stream Bridge).

Viewing the evidence in the light most favorable to the Perdue Family, the State failed to establish that the Discretionary Function Exception applies to erecting a guardrail in this case as a matter of law.  See generally, Ralston, 129 Hawaiʻi at 56, 292 P.3d at 1286; O'Grady, 140 Hawaiʻi at 54, 398 P.3d at 643.

Even if the State met its burden of showing that erecting guardrails here fell under the Discretionary Function Exception as a matter of law, the State failed to show that the entire complaint should have been dismissed.

"[M]ultiple claims present the possibility of multiple recoveries which are not mutually exclusive," however "single claims may present **multiple legal theories of liability**, but seek only one recovery which is mutually exclusive."  Elliot Megdal & Assocs. v. Daio USA Corp., 87 Hawaiʻi 129, 133, 952 P.2d 886, 890 (App. 1998) (emphasis added and citation omitted). "[W]here the complaint allege[s] more than one ground for imposing liability on the defendant for the plaintiff's injury, and the defendant's summary judgment motion attacked only one ground, summary judgment on the entire claim [i]s unwarranted."

<u>Kukui Nuts of Hawaii Inc. v. R. Baird & Co.</u>, 7 Haw. App. 598, 610, 789 P.2d 501, 510 (1990).  Moreover,

> where the defendant is the moving party, there is no genuine issue as to any material fact and the defendant is entitled to a judgment as a matter of law if, upon viewing the record **in the light most favorable to the plaintiff, <u>it is clear</u> that the plaintiff would not be entitled to recover under any discernable theory**.

<u>Neilsen v. Am. Honda Motor Co.</u>, 92 Hawaiʻi 180, 189, 989 P.2d 264, 273 (App. 1999) (emphases added, citation and brackets omitted).  "Under Hawaiʻi's notice pleading approach, it is no longer necessary to plead legal theories with precision"; "[p]leadings must be construed liberally . . . as to do substantial justice."  <u>Tokuhisa v. Cutter Mgmt. Co.</u>, 122 Hawaiʻi 181, 192, 223 P.3d 246, 257 (App. 2009) (cleaned up).

Here, The State's motion for summary judgment focused on guardrails.  The State argued this case "does not involve a mere maintenance, repair or upgrade of a guardrail"; rather, "this case would necessitate an engineering study to determine whether or not guardrails are a reasonable engineering option."  The State requested the circuit court "recognize that the decision-making involved in making changes along [Kūhiō] Highway in the vicinity of the subject accident would require the exercise of the State's discretionary function."  Thus, the State concluded it was "immune from liability for its act and/or

8

omissions in the exercise of that discretion" and was entitled to summary judgment.

But, the complaint alleged, inter alia, that the utility pole, "together with the real property on which it was situate[d], constituted an unreasonable risk of harm" and was "unreasonably dangerous" to drivers, and that the collective defendants "failed to adequately protect motorists" from the "pole and/or [the] unreasonably dangerous condition/risk of harm created by it." Construed liberally, these allegations do not suggest the failure to install a guardrail is the only discernable theory of liability on which the Perdue Family could prevail. See generally, Tokuhisa, 122 Hawaiʻi at 192, 223 P.3d at 257; Neilsen, 92 Hawaiʻi at 189, 989 P.2d at 273.

Viewing the evidence presented in the light most favorable to the Perdue Family, the State failed to meet its burden of showing that the entire complaint should have been dismissed as a matter of law based on guardrails. See generally, Ralston, 129 Hawaiʻi at 56, 60, 292 P.3d at 1286, 1290.

Thus, the circuit court erred in granting summary judgment and erred in dismissing the entire case. As the State is no longer the prevailing party, the Perdue Family should not be taxed costs. Hawaiʻi Rules of Civil Procedure Rule 54(d)(1).

9

In light of foregoing, we vacate the October 16, 2018 Second Amended Judgment, the May 20, 2016 "Order Granting [the State]'s Motion for Summary Judgment Filed February 26, 2016," and the October 25, 2016 Clerk's Taxation of Costs, and we remand for further proceedings consistent with this summary disposition order.

DATED:  Honolulu, Hawaiʻi, April 16, 2024.

On the briefs:

James Krueger,
for Plaintiffs-Appellants.

Robin M. Kishi,
Marie M. Gavigan,
Deputy Attorneys General,
for Defendant/Cross-Claim
Plaintiff/Cross-Claim
Defendant-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge