Edward H. STEMPEL and Mary Margaret Stempel, his wife, Plaintiffs-Appellants,

v.

**CHRYSLER CORPORATION,** Defendant-Appellee.

No. 73–3506.

United States Court of Appeals, Fifth Circuit.

June 14, 1974.

Rehearing Denied July 19, 1974.

W. Dexter Douglass, Stanley Bruce Powell, Tallahassee, Fla., for plaintiffs-appellants.

Gene D. Brown, Tallahassee, Fla., Charles Cook Howell, III, Jacksonville, Fla., for defendant-appellee.

Before MOORE *, AINSWORTH and

RONEY, Circuit Judges.

PER CURIAM:

This is a products liability case against an automobile manufacturer for dam-

---

* Hon. Leonard P. Moore, Senior Circuit Judge of the Second Circuit, sitting by designation.

ages for personal injuries sustained by Mrs. Stempel "when her face was smashed on a padded dashboard designed and manufactured by Chrysler Corporation," as a result of being involved in a vehicular collision. The District Court directed a verdict against plaintiffs-appellants after ruling that the two expert witnesses appellants attempted to have testify in the case were not competent to do so.

The first of these plaintiff witnesses, Frank M. Flanigan, is a registered professional engineer, so-called accident reconstruction expert, and Professor Emeritus from the University of Florida. Since 1954 he has investigated and reported on approximately 1,800 accidents involving vehicles. He had been a frequent expert witness in Florida state and federal courts. He was offered, as an expert, to give an opinion on automobile design and construction, especially as to the dashboard of the Chrysler automobile involved here.

The second expert witness, Dr. Charles Wilson, is a plastic surgeon and Mrs. Stempel's treating physician. He testified on voir dire that he had treated several hundred persons injured by violent contact with automobile dashboards and had examined the dashboard here. His medical opinion was sought to the effect that the dashboard's design contributed to the severity of Mrs. Stempel's injuries.

 The District Court held that neither of the expert witnesses had any practical experience in the actual design of dashboards and thus denied them the right to testify and offer their opinions before the jury. Thus the District Court decisively undercut plaintiff's case insofar as expert testimony would be of value therein, and consequently a directed verdict against plaintiffs was inevitable. In our view the trial judge's holding was too strict and unrealistic under the circumstances. *See* Roth v. Bird, 5 Cir., 1956, 239 F.2d 257. The ruling should have been that the experts' lack of actual experience in this context should go to the weight of their testimo-

ny rather than to its admissibility. *See* Eastern Air Lines, Inc. v. American Cyanamid Company, 5 Cir., 1963, 321 F.2d 683.

The District Judge, therefore, abused his discretion in denying plaintiffs the right to adduce the testimony of Professor Flanigan and Dr. Wilson as experts at the trial of this case. We, therefore, reverse and remand for a new trial with direction that the two expert witnesses be permitted to testify before the jury.

Reversed and remanded.