RICHARD S. LARSEN, Plaintiff-Appellant, *v.* STATE SAVINGS AND LOAN ASSOCIATION, a Utah corporation doing business in the State of Hawaii, ALLEN S. KUBOTA and DOES I through X, Inclusive, Defendants, and WARREN JUNG dba MANOA PHARMACY, SPENGLER· AND SON, INC. and UNITED VINTNERS, INC., Defendants-Appellees

NO. 6993

CIVIL NO. 46400

FEBRUARY 5, 1982

RICHARDSON, C.J., LUM, NAKAMURA, JJ., AND
RETIRED JUSTICES OGATA AND MENOR
ASSIGNED BY REASON OF VACANCIES

*Per Curiam.* This is an appeal from a judgment based on a directed verdict granted in a jury trial by the circuit court against appellant Richard S. Larsen at the close of appellant's case in a suit in which appellant seeks damages for an eye injury he incurred while opening a champagne bottle when the plastic stopper ejected spontaneously and struck him in the eye. The suit was in tort based on negligence and strict liability and was against appellant's employer, State Savings and Loan Association, and defendants-appellees Manoa Pharmacy (the business which sold the champagne to State Savings), Spengler and Son, Inc. (the distributor), and United Vintners, Inc. (the manufacturer).

The trial court sustained appellees' objection as to appellant's expert's lack of qualification and subsequently ruled that appellant had failed to show that the product was defective.

For reasons set forth in this opinion, we hold that the trial court erred in granting the directed verdict. We, therefore, reverse.

I.

On October 9, 1973, State Savings was celebrating the re-opening of its Wahiawa office, and appellant was retained to prepare a champagne punch to be served during the festivities. In the course of preparing the punch, appellant was struck in the eye by a plastic stopper. It happened after appellant had removed the foil and wire restrainer of a third bottle of champagne. Apparently he had momentarily turned around to talk to someone; when he turned back, the stopper struck him in the eye.

A number of points of error were relied on by appellant in this appeal, one of which was that the trial court erroneously refused to allow appellant's expert, Arnold M. Manaker, to testify as to the

defective nature and design of appellee's product. Appellant contends that the trial court abused its discretion by sustaining appellees' objection to Mr. Manaker's qualifications. Since we agree with appellant on this point of error, we do not deem it necessary to consider appellant's other issues.

Expert testimony is admissible only when the witness is in fact an expert.[1] *United States v. Amaral,* 488 F.2d 1148, 1153 (9th Cir. 1973). It is not necessary that the expert witness have the highest possible qualifications to testify about a particular matter, *State v. Mosley,* 119 Ariz. 393, 400, 581 P.2d 238, 245 (1978); *Hueper v. Goodrich,* 263 N.W.2d 408, 411 (Minn. 1978), but the expert witness must have such skill, knowledge, or experience in the field in question as to make it appear that his opinion or inference-drawing would probably aid the trier of fact in arriving at the truth. *Holmgren v. Massey-Ferguson, Inc.,* 516 F.2d 856, 857-58 (8th Cir. 1975); *Hueper v. Goodrich, supra; W. R. Chamberlin v. Northwestern Agencies,* 289 Or. 201, 611 P.2d 652, 652-53 n.2 (1980); *Galego v. Knudsen,* 281 Or. 43, 47, 573 P.2d 313, 316 (1978).[2] Once the basic requisite qualifications are established, the extent of an expert's knowledge of the subject matter goes to the weight rather than the admissibility of the testimony. *State v. Davis,* 53 Haw. 582, 589, 499 P.2d 663, 669 (1972); *State v. Heirs of Halemano Kapahi,* 48 Haw. 101, 114, 395 P.2d 932, 940 (1964); *Territory v. Adelmeyer,* 45 Haw. 144, 148, 363 P.2d 979, 983 (1961).

The question of whether a witness qualifies as an expert is a matter addressed to the sound discretion of the trial court, and such determination will not be overturned unless there is a clear abuse of discretion. *State v. Torres,* 60 Haw. 271, 277, 589 P.2d 83, 87 (1978);

---

[1] If this requirement is met, two additional elements are necessary to warrant expert testimony. First, the subject matter of the inquiry must be of such a character that only persons of skill, education or experience in it are capable of a correct judgment as to any facts connected therewith and second, the testimony must be of a nature to aid the jury. State v. Smith, 59 Haw. 565, 569, 583 P.2d 347, 350 (1978). We find that both elements were present in this case.

[2] HRE 702 is also phrased in terms of aiding the trier of fact. It provides: "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise."

*State v. Murphy,* 59 Haw. 1, 14, 575 P.2d 448, 457 (1978); *City & County v. Bonded Investment Co.,* 54 Haw. 385, 390, 507 P.2d 1084, 1089 (1973); *Bulatao v. Kauai Motors, Ltd.,* 49 Haw. 1, 13, 406 P.2d 887, 893-94 (1965).

Appellant's expert, Mr. Manaker, received his bachelor's degree in mechanical engineering which gave him a background in design, heat transfer, and engineering. He has a master's degree and Ph.D. in fluid mechanics, heat transfer, and mathematics.

He gained experience with the design of pressurized containers, such as nuclear reactors, energy storage vessels, and recoilless rifles, through employment as an engineer and work in a military research laboratory.

In addition, Mr. Manaker consulted two law firms on three product liability cases involving the spontaneous ejection of stoppers from champagne bottles. He also conducted experiments to study the ejection of plastic champagne stoppers, the effect of temperature on the pressure in the champagne bottles, and the relationship between the temperature of the liquid and the temperature of the outside bottle surface.

Mr. Manaker's background gives him the ability to understand and explain the characteristics of champagne bottles and stoppers. A champagne bottle is a pressurized container, the contents of which are restrained by a stopper, a wire restrainer, and foil. Knowledge of heat transfer and fluid mechanics is helpful to an understanding of the relationship between the champagne bottle, the stopper, and temperature. His engineering and design skills would enable him to explain the mechanics of the ejection of the stopper and design problems of the bottle and stopper. Thus, it appears that his opinion would probably aid the jury in arriving at the truth.

Appellees contend, however, that Mr. Manaker's background was too far removed from the subject of the case to qualify him as an expert. Although Mr. Manaker has no experience in the manufacturing or design of champagne, champagne bottles, or stoppers, the subject matter of the case falls within his overall background. In addition, his experiments on champagne bottles and stoppers and his consulting work gave him experience with the specific subject of the case. We hold that Mr. Manaker was qualified to testify as an expert on the issues of whether the champagne bottle and stopper were defective and whether the champagne was neg-

ligently transported, stored, and cared for. *See State v. Torres, supra; Holmgren v. Massey-Ferguson, Inc., supra; Stempel v. Chrysler Corporation,* 495 F.2d 1247 (5th Cir. 1974). His lack of experience should have gone to the weight rather than the admissibility of the testimony.

Appellees cite *Wojciuk v. United States Rubber Co.,* 19 Wis.2d 224, 120 N.W.2d 47 (1963), as authority for their position. We find that case inapposite. In *Wojciuk,* the court held that the trial court's refusal to allow the plaintiff's expert to testify as to the alleged defective manufacture of an automobile tire was not an abuse of discretion. The expert was a mechanical engineer with a limited and non-technical background with respect to tires. Unlike the instant case, the plaintiff's expert did not do consulting work or experiments on the subject matter of the case.

We conclude that the trial court clearly abused its discretion in excluding the testimony. *See Stempel v. Chrysler, supra.*

Reversed.

*Alexander T. MacLaren (Koshiba & Young) (Frank D. Padgett* and *Steven K. S. Chung* with him on the briefs, *Frank D. Padgett,* a Law Corporation) for plaintiff-appellant.

*Alexander C. Marrack (Raymond Engle* with him on the brief, *Hoddick, Reinwald, O'Connor & Marrack* of counsel) for defendants-appellees.